UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE D. TAYLOR, JR., )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>STATE OF ALABAMA and )<br>THE ATTORNEY GENERAL OF )<br>THE STATE OF ALABAMA, )<br>)<br>Respondents ) | Case No. 2:14-cv-01682-VEH-HGD |

### **MEMORANDUM OPINION**

On May 31, 2016, the magistrate judge's report and recommendation was entered and the parties were allowed fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On June 7, 2016, petitioner filed objections to the magistrate judge's report and recommendation.

Although I reviewed all of the petitioner's objections, I find that only one of them warrants discussion. Specifically, the petitioner states that the R&R is inconsistent because, at page two of the R&R, the magistrate judge said "petitioner 'did not file a petition for writ of certiorari with the Alabama Supreme Court.' Yet, on page 4 ... [the magistrate judge] says '[the petitioner] also applied to the Alabama Supreme Court for a writ of certiorari.' Which one is the correct statement?" (Doc. 12 at 1). There is no inconsistency. The reference on page two of the R&R is to the petitioner's failure to

seek a writ of certiorari on direct appeal of his conviction. The reference on page two of the R&R is to the petitioner's applying for a writ of certiorari as to his second Rule 32 proceeding.

Accordingly, after careful consideration of the record in this case, the magistrate judge's report and recommendation and the petitioner's objections thereto, I hereby ADOPTS the report of the magistrate judge. Further, I ACCEPT the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383, 3394-95 & n.4,

77 L.Ed.2d 1090 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct.  *Id.*

I find that reasonable jurists could not debate the resolution of the claims presented in this habeas corpus petition.  For the reasons stated in the magistrate judge's report and recommendation, I DECLINE to issue a COA with respect to any claim.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 13th day of June, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge